
FILED
2005 Apr-04 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KRISTY GOREE and CHRISTY PRICE, | ] |
| Plaintiffs, | ] |
| vs. | ] CV-05-CO-0356-W |
| HUNT REFINING COMPANY, INC., | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

Plaintiffs filed suit against Hunt Refining Company, Inc., ("Hunt") on February 16, 2005. (Doc. 1.) In their complaint, Plaintiffs assert the state law claims of nuisance (Count I), negligence (Count II), wantonness (Count III), and strict liability (Count IV). (Compl.) The plaintiffs allege in their complaint that this Court has jurisdiction "because the amount in controversy is within the jurisdictional limits of the court and the claims fall within the residual jurisdiction of this court." (Compl. ¶ 6.)

Hunt asserts that the complaint is due to be dismissed because the "complaint does not state a basis for the jurisdiction of this court of this

matter, and there is no basis for this court's jurisdiction." ( Mot. Dismiss ¶ 1.)   In their brief in opposition to Hunt's motion, Plaintiffs argue that they did state the basis of this Court's jurisdiction and that there is jurisdiction for this Court to hear the complaint.

II.   Facts.[1]

Plaintiffs are resident citizens of Tuscaloosa County, Alabama.  They are employees of CaMar Construction Co., Inc., an Alabama corporation.  CaMar Construction Co., Inc., owns a parcel of land in Tuscaloosa County, Alabama ("the land").  Hunt owns and operates a pipeline ("the pipeline") that transports petroleum products across or near the land.

For a period of time prior to the filing of the complaint, petroleum products leaked from the pipeline into and upon the land.  Plaintiffs allege that Hunt knew the pipeline was leaking for several months before it was discovered by the plaintiffs.  Plaintiffs additionally contend that Hunt fraudulently concealed its wrongful acts from the plaintiffs.

---

[1]For the purpose of considering the pending motion, the facts are as alleged in the complaint unless otherwise indicated.  Recitation of the facts alleged by the plaintiff in this opinion is not to be construed as a verification that the allegations are true.

III.   Discussion.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11, 1 L. Ed. 718 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen* at 377.  In an effort to meet their burden, Plaintiffs assert that jurisdiction exists based on (1) Federal Question Jurisdiction, (2) Supplemental Jurisdiction, and (3) Diversity of Citizenship Jurisdiction.

The grounds for jurisdiction will be addressed separately.

1.   Federal Question Jurisdiction.

Plaintiffs appear to argue that because they have alleged conduct that constitutes violations of various federal laws, the Court has federal question jurisdiction.  (Br. Opp'n.)  However, federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   The analysis of federal question jurisdiction begins with the principle that the plaintiff "is master to decide

what law he will rely upon." *The Fair v. Kohler Die & Speciality Co.*, 228 U.S. 22, 25 (1913), overruled on other grounds by *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).

Plaintiffs, as they did in this case, can choose to rely solely on state law even if federal law provides a cause of action as well. *Campbell v. Gen. Motors Corp.*, 19 F. Supp. 2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar,* 482 U.S. at 392.

Plaintiffs included only state law causes of action in their complaint. "As an initial proposition, then, the 'law that creates the cause of action' is state law, and original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd.*, 463 U.S. at 13. In the words of the Eleventh Circuit Court of Appeals, "[i]n limited circumstances, federal question jurisdiction may also be available if a

substantial, disputed question of federal law is a necessary element of a state cause of action." *City of Huntsville v. City of Madison,* 24 F.3d 169, 172 (11th Cir. 1994) *citing Franchise Tax Bd.,* 463 U.S. at 12.

Hunt's conduct may very well have violated one or more federal statutes; however, the plaintiffs elected not to seek relief pursuant to those statutes. Further, it is not necessary for the plaintiffs to prove a violation of any federal statute in order to prove their state law claims. As such, there is no disputed question of federal law that is a necessary element of any of the plaintiffs' claims. Federal question jurisdiction does not exist.

2. Supplemental Jurisdiction.

Plaintiffs correctly conclude that if this Court has original jurisdiction of the case, then it can exercise supplemental jurisdiction over purely state law claims. *See also,* 28 U.S.C.A. § 1367. However, if this Court does not have original jurisdiction, then it cannot exercise supplemental jurisdiction. "The language of section 1367(a) confirms this principle. It allows supplemental jurisdiction only when there is already original jurisdiction. Supplemental jurisdiction itself cannot be the basis for exercising supplemental jurisdiction . . . ." *Palmer v. Hospital Authority of Randolph*

*County,* 22 F.3d 1559, 1566 (11th Cir. 1994). This Court does not have original jurisdiction; thus, it has no supplemental jurisdiction.

    3.    Diversity of Citizenship Jurisdiction.

Plaintiffs assert that this Court has original jurisdiction of the case under 28 U.S.C. § 1332 based on the diversity of citizenship of the parties. 28 U.S.C. § 1332 does confer jurisdiction on federal district courts in cases between citizens of different states when the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Hunt maintains that there is no diversity of citizenship in that it is considered a citizen of Alabama for diversity purposes. (Mot. Dismiss.) Hunt offers affidavit testimony in support of this contention. (Ex. "A" Mot. Dismiss.) Plaintiffs offer their own affidavit in opposition, but at most, plaintiffs' affidavit questions the conclusion of Alabama citizenship by pointing out the ties that exist between Hunt and the "Hunt family of companies" that are apparently based in Texas. (Br. Opp'n.)

"[T]he burden of proof upon the issue of citizenship [is] upon the plaintiff . . . ." *McNutt v. General Motors Acceptance Corp. of Indiana,* 298

U.S. 178, 186 (1936).  While the plaintiffs may have raised questions about the citizenship of Hunt, they did not meet their burden of proof on the issue.  Since diversity of citizenship has not been demonstrated, the Court does not have diversity of citizenship jurisdiction over the claims presented in this case.  As such, there is no need for the Court to examine whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

IV.   Conclusion.

Plaintiffs made the request that they be allowed to amend their complaint if this Court finds "that a federal question was not properly outlined." (Br. Opp'n.)  There is a distinction however between a federal question being "properly outlined" and the "action aris[ing] under the Constitution, laws, or treaties of the United States" as required by 28 U.S.C. § 1331.  If the plaintiffs, after considering the matters addressed in this opinion, believe they should be permitted to amend their complaint, they should include their proposed amendment with their motion to reconsider this order.

Plaintiffs made the alternate request that if the case was to be dismissed, it be dismissed without prejudice.  A dismissal without prejudice

is appropriate since there has been no decision on the merits of the plaintiffs' claims. Hunt's Motion to Dismiss is due to be granted. A separate order will be entered consistent with this opinion.

    Done this 4th day of April 2005.

                                                         */s/ L. Scott Coogler*

                                      L. SCOTT COOGLER
                                 UNITED STATES DISTRICT JUDGE
                                                            105854